E. CRAWFORD SANDFORD, APPELLANT, *v.* HARRIET A. SANDFORD, RESPONDENT.

*Punishment of a party for contempt in an action for divorce — he must be brought into court by an order to show cause or an attachment — he must have been personally served with a copy of the order alleged to have been disobeyed — the court must ascertain and adjudge that a right or remedy of a party has been affected by his misconduct.*

To obtain an order adjudging a party guilty of contempt because of his failure to pay a weekly allowance which he has been ordered to pay to the defendant by way of temporary alimony, he must be brought before the court by the service of an order to show cause or an attachment. The service of a mere notice of motion will not suffice.

The plaintiff cannot be adjudged guilty of a contempt for failing to comply with the directions contained in an order, until a copy thereof has been served upon him.

To punish a party for a contempt in a civil proceeding, his conduct must be such as to defeat, impair, impede or prejudice a right or remedy of the party affected by it, and that fact must be ascertained and adjudged by the court directing the punishment which is to be imposed.

APPEAL from an order adjudging the plaintiff in contempt and directing his commitment to prison.

*William B. Tullis*, for the appellant.

*Roswell H. Carpenter*, for the respondent.

DANIELS, J. :

The plaintiff has been adjudged in contempt and ordered to be committed for the non-payment of weekly allowances provided for the defendant by way of temporary alimony. The order directing the payments was authorized by section 1769 of the Code of Civil Procedure. And for the failure to pay the amount ordered the plaintiff was liable to be adjudged in contempt and committed, under the authority of section 1773 of the same Code. But to obtain an order adjudging him in contempt and directing his commitment, it has been made necessary, by this section, that at least an order to show cause should first be served upon him.

It has also been provided by the same section that the proceedings to punish the party must be taken as prescribed in title 3 of

chapter 17 of the Code. And section 2269 of that chapter and title also requires that an order to show cause shall be made and served, or a warrant of attachment shall be issued to bring him before the court.

The application to punish the plaintiff was not brought on in compliance with these provisions, but it was made upon a mere notice of motion, which was not the course prescribed by these sections of the Code, and an objection to that mode of proceeding was taken upon the hearing of the motion.

It was stated in the affidavit of the plaintiff that the order directing the payment of the weekly allowance by him had not been served upon him, and there is no evidence in the papers conflicting with this statement. Until such service of the order was made the plaintiff was not liable to be brought into contempt for a failure to comply with its direction. (*Coddington* v. *Webb*, 4 Sandf. Supr. Ct. R., 639; *Watson* v. *Fuller*, 9 How., 425; *McCaulay* v. *Palmer*, 40 Hun, 38.)

To punish a party for a contempt in a civil proceeding his contempt must be such as to defeat, impair, impede or prejudice a right or remedy of the party affected by it, and that fact must be ascertained and adjudged by the court directing the punishment which is to be imposed. (Code of Civ. Pro., §§ 2266, 2281; *Swenarton* v. *Shupe*, 40 Hun, 41.) The order from which the appeal has been taken contains no such adjudication, and because of that omission it fails to comply with what has. been directed by these sections of the statute.

In each of these respects the proceeding was wholly defective, and the order from which the appeal has been taken cannot be sustained. It should be reversed, with the usual costs and disbursements, to abide the event of the action, and without prejudice to a further proceeding against the plaintiff in the form in which the law has prescribed it may be taken.

BRADY, P. J., concurred.

Order reversed, with ten dollars costs and disbursements, to abide event.